**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

DEC 1 5 2015

CHRISTOPHER A. PRINE

CLERK

## CASE # 01-13-00362-CV

**PHILLIP MANDERSCHEID,**

**PLAINTIFF/APPELLANT,**

**v.**

**LAZ PARKING OF TEXAS LLC, and**
**BOOT MAN, INC. D/B/A PREMIER PARKING**
**ENFORCEMENT,**

**DEFENDANT/APPELLEE.**

**\* \* \* EMERGENCY \* \* \***
**MOTION TO ENLARGE TIME WITHIN WHICH APPELLANT'S**
**MOTION FOR REHEARING THE COURT'S OPINION OF 15 OCTOBER**
**2015 MAY BE TIMELY COMPLETED AND FILED**

Phillip Manderscheid,
Appellant pro se
315 Heidrich Street
Houston, Texas  77018
Res: 832-848-1934
Cell: 832-423-0951

**TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:**

NOW COMES Phillip Manderscheid (hereafter "Appellant"), here proceeding pro se and files this **APPELLANT'S MOTION TO ENLARGE TIME WITHIN WHICH APPELLANT'S MOTION FOR REHEARING OF THIS COURT'S OPINION OF 15 OCTOBER 2015 MAY BE TIMELY COMPLETED AND FILED** and for cause thereon will show the court as follows:

## I.
## BACKGROUND

1. This case rises from the Harris County Court at Law #4 and is with respect to the Judgement of that court rendered and entered against the Plaintiff/Appellant in favor of appellee as of 14 January 2013. The case appealed from county court is styled therein as Manderscheid v Laz Parking of Texas LLC, and Boot man, Inc. D/B/A Premier Parking Enforcement.

2. This court has entered its OPINION against Appellant dated 15 October 15 and Appellant here has need of an emergency extension of time to file his MOTION FOR REHEARING.

3. Appellant has requested and received one enlargement of time extending the due date for Appellant's Motion for Rehearing in this matter to and including Tuesday, 15 December 15.

4. Due to unforeseeable mitigating circumstances, Appellant, of necessity, is needing added time within which to properly complete and file Appellant's Motion for Rehearing in this matter.

5. Accordingly, and of urgent necessity, as of overnight Sunday, 13 December 15, and due to a matter of emergency (as described below) it has become necessary for Appellate to seek and obtain from this court an enlargement of

time necessary to complete and then timely file Appellant's Motion for Rehearing of this Court's Opinion of 15 October 15.

6. Accordingly, and in the face of this EMERGENCY, Appellant makes and files this his second request for enlargement of time within which to complete and then timely file Appellant's Motion for Rehearing of this Court's Opinion of 15 October 15.

## II.
## APPELLANT'S EMERGENCY
## MOTION TO ENLARGE TIME WITHIN WHICH APPELLANT MAY TIMELY COMPLETE AND FILE APPELLANT'S MOTION FOR REHEARING OF THIS COURT'S OPINION OF 15 OCTOBER 15.

7. Appellant here makes this his second request for enlargement of time to file his Motion for Rehearing of this Court's Opinion of 15 October 15. Appellant has previously made one request and the same was granted and the due date for his Motion for Rehearing has been extended to and including Tuesday, 15 December 15.

8. Appellant is here requesting an enlargement for a reasonable time of Twenty (20) days from Tuesday, 15 December 15 to and including Monday, 4 January 16.

9. This EMERGENCY Motion To Enlarge Time to make timely filing of Appellant's Motion for Rehearing of the Court's OPINION of 15 October 15 is timely made prior to the deadline of Tuesday, 15 December 15, for filing as has been previously approved by this court.

10. Further, pursuant to TRAP, Rule 49.8, a court of appeals may extend the time for filing a motion for rehearing or en banc reconsideration if a party files a motion complying with Rule 10.5(b) no later than 15 days after the last date for filing the motion. Accordingly, this request is timely.

11. Further, pursuant to TRAP, Rule 10.5(b), Appellant here makes this his second request for enlargement of time, here an EMERGENCY enlargement of time to file his Motion for Rearing of this Court Opinion of 15 October 15. Appellant has previously made only one request, the same being granted, nor has Appellant been denied any previous request for enlargement to file Appellant's Motion for Rehearing.

12. The Court's Opinion in this case was rendered and filed on 15 October 15 and the last day on which a Motion to Enlarge Time may timely be filed pursuant to TRAP is 15 November 15 thus rendering this present motion to enlarge as being timely.

13. Appellant is here requesting an enlargement for a reasonable time of twenty (20) days from Tuesday, 15 December 15, to and including 4 January 16.

14. The court's Opinion was rendered and filed on 15 October 15 after many months and the Opinion consisted of 29 pages text. In appellant's view, the opinion requires significant research in order to properly address the multiple issues rising from the Opinion for purposes of a Motion for Rehearing. It is impossible for this Appellant to properly complete this task within the present and granted due date of 15 December 15 under the rules without an enlargement of time. Due Process requires that Appellant's request of this court for an enlargement of time in order to meet the Appellant's burden respecting his Motion for Rehearing.

15. Appellant is here proceeding pro se with only the help and research assistance who is a close non-lawyer friend and research assistant, but without the assistance of a lawyer or counsel for this appeal and is, accordingly, having to individually research, write and prepare the Motion for Rehearing for filing with this court without the aid and assistance of

professional and experienced counsel while not being personally experienced and/or trained in the task at hand. This has and will continue to require a significantly greater and more complex work load than is possible to be completed within the present due date of 15 December 15, and now, as of this morning, without the help from anyone, legally trained or not, because, as of Monday 14 December 15, at 4:46 AM, Appellant's non-lawyer research assistant and friend telephoned (using his cell phone) from the emergency ward of St. Luke's – The Vintage hospital to inform me, his friend, and here Appellant, that he had been admitted under an EMERGENCY to the cardiac unit of St. Luke's Hospital – The Vintage just off of Hwy 249 North of FM 1960 due to his having suffered a cardiac incident , and consequently, he would be unable to assist this Appellant with more and necessary research and completion assistance, etc. on the present motion, required by Appellant, that he had been doing up to and prior to his hospitalization during the wee hours of Monday, 14 December 15, just one day prior to the required date of filing. As a consequence, Appellant's plan over the past month to file his MOTION FOR REHEARING THE COURT'S OPINION OF 15 OCTOBER 15, due to be filed no later than Tuesday, 15 December 15, has now been derailed and thwarted.

16. Further, Appellant has experienced added complications for this task of researching, writing and timely filing of his Reply Brief since the Appellee as well as this court via its Opinion of 15 October 15 has raised fundamental jurisdictional issues raise jurisdiction issues rising from and over this appeal.

17. Appellant is seeking to address multiple errors which are perceived by Appellant as being inconsistent with the ends of justice, equal protection and due process of law. Those complex issues together with the scope and

number of those issues make it impossible for appellant to timely complete the task timely without an appropriate enlargement of time from this court.

18. Each and all of the foregoing make absolutely necessary this Appellant's request for the extended thirty (30) day enlargement of time, already granted, and an additional twenty (20) days beyond Tuesday, 15 December 15, to and including Monday, 4 January 16, given the extraordinary circumstances rising from this appeal which affect this motion.

19. Accordingly, Appellant's second request of this court for an enlargement of time in the reasonable amount of twenty (20) days requested to be GRANTED within which Appellant may complete and timely file his Motion for Rehearing of this court's Opinion of 15 October 15 which request/seeks to enlarge the filing due date from Tuesday, 15 December 15 – up to and including Monday, 4 January 16.

### III.
### <u>NO ONE WILL BE INJURED BY THIS COURT'S GRANTING – BY EMERGENCY – VIA APPELLANT'S SECOND THIRTY DAY ENLARGEMENT OF TIME WITHIN WHICH APPELLANT MAY TIMELY FILE HIS MOTION FOR REHEARING OF THIS COURT'S OPINION OF 15 OCTOBER 15.</u>

1. Should this court grant Appellant's second request for twenty (20) day enlargement of time in this case, no one will be unjustly delayed or injured. Alternatively, the enlargement of time will permit and afford to the Appellant a due process sufficient to complete his Motion for Rehearing of the Opinion of this court dated 15 October 15 as are reasonable given the extraordinary circumstances rising from this matter.

2. This request for enlargement of time is not being made for any purpose of delay but rather for sufficient and reasonable added time to permit Appellant

adequate time to complete preparation and timely filing of his Motion for Rehearing of the Court's Opinion of 15 October 15.

3.      It is Appellant's intent to be truthful and factual in all things pertaining to this appeal, and therefore, he intends to file, along with this his Second Motion for an Enlargement of Time, an affidavit relevant to the hospitalization of Appellant's research assistant and his close personal friend referred to above.

**WHEREFORE PREMISES CONSIDERED**, Appellant requests relief from this

court as follows:

1.      That this court GRANT Appellant's second request for a twenty (20) day enlargement of time within which Appellant's Motion for Rehearing of the Court's Opinion of 15 October 15 may be completed and timely filed with the clerk of this court, and

2.      That the court GRANT this, the Appellant's second request for an Enlargement of time of twenty (20) days enlargement from Tuesday, 15 December 15 to and including Monday, 4 January 16, and

3.      That this court GRANT to Appellant added and other relief that to the court is just at law and/or in equity, and

4.      Appellant requests justice.

Respectfully submitted,

Phillip Manderscheid, Appellant pro se
315 Heidrich Street
Houston, Texas   77018
Res: 832-848-1934
Cell:  832-423-0951

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to the court of Appeals has on this the 15th day of December, 2015 been forwarded to the counsel for Appellee at his address of record as has been filed with the clerk and in the records of this appeal with the 1st Court of Appeals at Harris County, Texas.


Phillip Manderscheid, Appellant pro se

STATE OF TEXAS
HARRIS COUNTY

RE: APPELATE COURT CASE NO. 01-13-00362-CV – 1st Court of Appeals Harris County, Texas

## AFFIDAVIT

BEFORE ME, the undersigned authority, this day personally appeared Phillip Manderscheid, who after being by me duly sworn, on oath deposes and says:

1. My name is Phillip Manderscheid.
2. I am over the age of 18 and am a resident of the State of Texas. I have personal knowledge of the facts herein, and, if related called as a witness, could testify competently thereto for all purposes related.
3. I am a close friend and acquaintance (hereinafter "Research Assistant") of an individual with arrangements having been previously made for research and other assistance related to my present case pending with the 1st Court of Appeals in Harris County, Texas.
4. Overnight, on Sunday evening, 13 December 15, my research assistant became severely ill with cardiac events, and was admitted into the emergency care section of the CHI St. Luke's Hospital – The Vintage located on Hwy 249 just north of FM 1960 and further admitted to St Luke's Cardiac Intensive care unit.
5. My research assistant has been assisting me for several months with my civil appellate case (see case number above). This affidavit is to be attached to and filed with my Motion for Enlargement of Time made necessary by the delays in my final preparations for filing the said Motion to Enlarge.
6. Due to much concern over these events as they impact my case along with the state of his health and demands of my case, his intimate knowledge of my case and that I have a deadline to meet in filing a document with the 1st Court of Appeals Clerk, Christopher Prine, by the next day, on Tuesday, December 15, 2015, my research assistant's wife and then he called personally **GIVING TELEPHONE NOTICE OF HIS PERSONAL EVENTS AFFECTING MY CASE** and the impact that these events would impose upon my case and its final preparations for filing soon after entering the emergency room of the hospital.
7. From the emergency area of the hospital and using his cell phone, he called me at 4:46 AM on December 14, 2015 to inform me as to his being admitted into St. Luke's Hospital, located on Hwy 249, so as to appraise me of the added burdens that these events would of necessity impose on my case.
8. Despite his distress, we very briefly discussed his plight, and mine – the Urgency of my need to file a Second Motion for Enlargement of Time with Appellate Clerk, Christopher Prine, because it was no longer possible to complete and file the Motion for Rehearing the Court's Opinion of 15, October 2015 in a timely manner - - the same being due to be filed no later than Tuesday, December 15, 2015 at 5:00 PM Central Time.

1

9. I have concluded that I have no choice but to prepare and file a Second Motion to enlarge time in this case to accommodate the unknowing and unknowable circumstances surrounding the timeliness of any Second motion for rehearing.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Further Affiant sayeth not - - - - - -

_____ Phillip Manderscheid
Phillip Manderscheid
315 Heidrich St.
Houston, Texas 77018

## NOTARIAL ACKNOWLEDGEMENT

**SUBSCRIBED AND SWORN TO BEFORE ME** on this the ___15th___ day of December, 2015, to certify which witness my hand and official seal.

_____ Notary Public          **SEAL**

___LENA TAMBORELLA___ Printed Name of Notary

Notary Public in and for the State of Texas
My commission expires on the __15__ day of ___December___, 20 _15_



LENA TAMBORELLA
MY COMMISSION EXPIRES
APRIL 24, 2017

2